UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW FABRE AND<br>CHELSEA FABRE, Individually<br>and as Natural Tutors of Their Minor<br>Child, A.F. | CIVIL ACTION |
| VERSUS | NO. 10-3381 |
| OLD NAVY, LLC and THE GAP, INC.,<br>et al. | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is the "Motion for Summary Judgment" (Rec. Doc. 88), filed by Defendants Old Navy, LLC, The Gap, Inc., Zurich North American Insurance Company, Liberty Insurance Underwriters, Inc., and Kimco Houma 274, LLC (hereinafter "Old Navy"). This motion is opposed by Plaintiffs, Matthew Fabre and Chelsea Fabre, individually and as natural tutors of their minor child, A.F. ("Plaintiffs"). (*See* Rec. Doc. 100). After considering the memoranda filed by the parties (including the Reply at Rec. Doc. 108), the Court rules as set forth herein.

**I.     BACKGROUND**

The Plaintiffs allege that three year-old Abigail Fabre was blinded in one eye while playing with a bouncy ball in an Old Navy store in Houma, Louisiana. (Rec. Doc. 100, p. 4).

Abigail went to Old Navy that day with her mother, Chelsea Fabre (Ms. Fabre), and her grandmother, Rosemary Marie Rodrigue Gravois (Ms. Gravois). (Rec. Doc. 100, p. 3). After about five minutes in the store, Ms. Gravois purchased a bouncy ball for Abigail from a bouncy ball machine located in the children's section of the Old Navy (Rec. Doc. 88-1, p. 2; Exhibit J to Rec. Doc. 100, p.15). Abigail played with the bouncy ball for approximately five minutes without incident (Rec. Doc. 88-1, p. 2). After bouncing the ball and retrieving it successfully several times, Abigail bent down to pick up the bouncy ball, and the raised end of a low t-arm merchandise rack punctured her eye, pushing her eye into the back of its socket, detaching her retina, tearing her tear duct and causing the right-eye area of her face to collapse. (Rec. Doc. 100, p. 4). Plaintiffs allege that Old Navy created a hazardous condition by placing the bouncy ball machine in close proximity to the low t-arm. (Attachment 1 to Rec. Doc. 3, p. 4).

## II.     ARGUMENTS OF THE PARTIES

Old Navy asserts that the Plaintiffs' claim is governed by the Louisiana Merchant Liability Statute, La. Rev. Stat. Ann. § 9:2800.6, and that the Plaintiffs cannot meet their burden under this statute. (*See* Rec. Doc. 88-3, pp. 6-14). Specifically, Old Navy argues that (1) Old Navy exercised reasonable care in keeping its aisles, passageways, and floor in a reasonably safe condition. (*See* Rec. Doc. 88-3, pp. 8-11). (2) Plaintiffs cannot meet their summary judgment burden of providing positive evidence that Old Navy created or had actual or constructive notice of any hazardous condition existing in its store at the time of Abigail's accident. (*See* Rec. Doc. 88-3, pp. 11-12). (3) Abigail's accident was not reasonably foreseeable and there was no unreasonable risk of harm associated with either the bouncy ball or the t-arm. (*See* Rec. Doc. 88-3, pp. 12-14). As such, Old Navy asserts that summary judgment should be granted in its favor

as Plaintiffs are unable to meet their burden of proof under the Louisiana Merchant Liability Statute.  La. Rev. Stat. Ann.§  9:2800.6.

On the other hand, Plaintiffs argue that there are material issues of fact regarding (1) whether Abigail's accident was foreseeable, (*See* Rec. Doc. 100, pp. 6-12), (2) whether Old Navy created an unreasonable risk of harm by placing a bouncy ball machine in an area where low-standing t-arm stands were located, (*See* Rec. Doc. 100, pp. 12-15), and (3) whether Old Navy failed to use reasonable care in keeping its aisles, passageways, and floor in a reasonably safe condition.  (*See* Rec. Doc. 100, pp. 15-23).  Thus, Plaintiffs assert that summary judgment is inappropriate in this matter.

### III.    DISCUSSION

#### A.    Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citations omitted*). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (*emphasis omitted*) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.     Analysis**

The Louisiana Merchant Liability Statute states:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

5

> (3) The merchant failed to exercise reasonable care. In determining
> reasonable care, the absence of a written or verbal uniform cleanup
> or safety procedure is insufficient, alone, to prove failure to
> exercise reasonable care.

La. Rev. Stat. Ann.§ 9:2800.6. While Subsection A of the statute defines a merchant's general duty towards a patron, Subsection B outlines a plaintiff's burden of proof in a claim brought to recover "damages as a result of an injury, death, or loss sustained because of a fall." La. Rev. Stat. Ann. § 9:2800.6(B). As such, Subsection B is relevant only when a plaintiff sustains injury as a result of a fall. *Retif v. Doe*, 632 So.2d 405, 407 (La. App. 4 Cir. 1994).

In this case, there is a factual dispute as to whether Abigail's injury was the result of a fall. Old Navy claims that Abigail fell and hit her eye on the t-arm, (Rec. Doc. 88-3, p. 4), while the Plaintiffs claim that Abigail leaned forward to retrieve the bouncy ball from the ground, hitting her eye on the t-arm in the process. (Rec. Doc. 100, p. 4). Both parties have produced the deposition of Abigail's mother, Ms. Fabre, as evidence supporting their claims. (*See* Exhibit 1 to Rec. Doc. 88; Exhibit J to Rec. Doc. 100). However, the deposition does not clearly answer the question of whether or not Abigail fell.[1] (*See* Exhibit J to Rec. Doc. 100, pp. 97-103). While

---

[1] The deposition testimony in question reads as follows:

EXAMINATION BY MR. WALSH: . . .

Q. Sure. Do you see the top box where it says, "Diagnosis"?
A. Uh-huh (affirmative response).
Q. Can you read to us what the diagnosis is?
A. "Fell hit clothing rack."
Q. Is that accurate?
A. Fell meaning that she tripped on something, no. Fell meaning that her body – the weight of her, yes, I mean . . .
Q. Fell meaning that there was . . .
A. Fell and hit the clothing rack, yes.

there is case law indicating that a fall to the ground is not required to trigger Section B of the Louisiana Merchant Liability Statute, this case law merely clarifies that a slip triggers Section B. *See Smith v. Brookshire Grocery Co.*, 750 So.2d 450, 451 (La. App. 2 Cir 2000); *O'Brien v. Wal-Mart Stores, Inc.*, 720, So.2d 1263, 1265 (La. App. 2 Cir. 1998); *Wilson v. National Union Fire Ins. Co. of Louisiana*, 665 So.2d 1252, 1261 (La. App. 2 Cir. 1995). No evidence has been presented that Abigail slipped at any relevant time. The determination of whether or not Abigail's injury was caused by a "fall" is a fact question to be determined at trial, the result of which will dictate whether or not Section B of the Louisiana Merchant Liability Statute applies in this case.

### 1. Old Navy's Liability under La. Rev. Stat. Ann. § 9:2800.6(A)

If Abigail did not fall, then only Section A of the Louisiana Merchant Liability Statute governs Old Navy's liability in this case. In order to prove Old Navy's Liability under Section A, Plaintiffs must demonstrate that Old Navy failed to meet its duty to use "reasonable care to keep

---

| | | |
|---|---|---|
| Q. | Right. And just so we're using the word "fall" in the same way – | |
| A. | Uh-huh (affirmative response). | |
| Q. | – I'm not trying to imply that she fell all the way to the ground – | |
| A. | Uh-huh (affirmative response). | |
| Q. | – or that she even left her feet completely. | |
| A. | Uh-huh (affirmative response). | |
| Q. | But just that there was an unexpected, unanticipated, unintentional motion to the ground. | |
| A. | Uh-huh (affirmative response). | |
| Q. | Is that a fair approximation of what you mean by fall? | |
| A. | Yes. She was trying to get the ball. | |
| Q. | But she wasn't – like if I put my pen here and I try and get my pen, there's no fall (indicating). | |
| A. | Right. I mean, that – | |

Exhibit J to Rec. Doc. 100, pp. 101-02.

[its] aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. Ann § 9:2800.6(A). The duty imposed on a merchant under the statute "includes a reasonable effort to keep the premises free of any hazardous conditions which might reasonably give rise to damage." *Burnett v. M&E Food Mart, Inc.*, 772 So.2d 393, 396 (La. App. 3 Cir. 2000) (*quoting* La. Rev. Stat. Ann § 9:2800.6(A)). However, a merchant "is not the insurer of the safety of his patrons . . . [and] is not liable every time an accident happens." *Hardman v. Kroger Co.*, 775 So.2d 1093, 1095 (La. App. 2 Cir. 2000) (*citing Ward v. ITT Specialty Risk Services, Inc.*, 739 So.2d 251 (La. App. 2 Cir. 1999); *Tanner v. Brookshire Grocery Co.*, 691 So.2d 871 (La. App. 2 Cir. 1997)). In evaluating whether the effort taken to protect customers was reasonable, a court must look to the specific circumstances of each case, and "the degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store and other relevant considerations." *Hardman,* 775 So.2d at 1095. Based on the deposition testimony brought forth by Plaintiffs, reasonable fact finders could disagree regarding whether or not Old Navy exercised reasonable care under the circumstances. This accident took place in the children's section of Old Navy, where toddlers frequently ran. (Exhibit D to Rec. Doc. 100, pp.61-62). Old Navy did not place warning signs in the children's section to alert customers about the potential danger of the low t-arms. (Exhibit C to Rec. Doc. 100, pp. 31; Exhibit D to Rec. Doc. 100, pp. 67-68). Old Navy placed the bouncy ball machine in the children's section, but did posted no warning signs cautioning children not to play with the bouncy balls. (Exhibit D to Rec. Doc. 100, pp. 20, 68). By bringing forth these facts through deposition, Plaintiffs have met their burden of pointing to specific evidence that supports their claim that Old Navy failed to use reasonable care in keeping its premises free from hazardous

conditions. *See* La. Rev. Stat. Ann § 9:2800.6(A).

### 2. Old Navy's Liability under La. Rev. Stat. Ann. § 9:2800.6(B)

Assuming that Abigail fell and that Subsection B does apply to the instant case, Plaintiffs will be required to show that (1) the combination of the low t-arm racks and the bouncy ball in the children's department at Old Navy presented an unreasonable risk of harm, (2) that Old Navy created or had actual or constructive knowledge of the situation, and (3) that Old Navy failed to exercise reasonable care. *See* La. Rev. Stat. Ann § 9:2800.6(B).

#### a. Whether the condition presented an unreasonable risk of harm

The determination of the unreasonableness of a risk is a mixed question of law and fact that is the proper province of the jury or finder of fact. *Beckham v. Jungle Gym*, 37 So.3d 564, 568 (La. App. 2 Cir. 2010). In determining whether a condition presented an unreasonable risk of harm, a fact finder should "balance the intended benefit of the thing with its potential for harm and the cost of prevention." *Watts v. Scottsdale Insurance Company*, 43 So.3d 266, 269 (La. App. 2 Cir. 2010) (*citing Pitre v. Louisiana Tech University*, 673 So.2d 585 (La.1996)). This requires the fact finder to "decide whether the social value and utility of the hazard outweigh[s] and thus justif[ies] its potential harm." *Id*.

In the instant case, Plaintiffs have presented evidence showing that Old Navy placed the bouncy ball machine in the children's department contemplating that parents would purchase the machine's bouncy balls for their children. (Exhibit E to Rec. Doc. 100, pp. 40). Old Navy's purpose in having a parent give a child a bouncy ball was to give the child something to do while the parent shopped. (Exhibit C to Rec. Doc. 100, pp. 39). A reasonable fact finder could find that the utility of the bouncy ball machine, engaging a child so that her parent may spend money,

9

is not outweighed by the risk involved to a child when she plays with a bouncy ball in a retail store where there are low t-arms. Further, a fact finder could find that the cost of removing or moving the bouncy ball machine would be justified by the reduction in risk that would result. Plaintiffs have come forward with sufficient evidence related to the purpose and function of the bouncy ball machine to create a genuine issue of material fact regarding whether the machine presented an unreasonable risk of harm.

### b.  Whether Defendant created or had actual or constructive knowledge of condition

In order to prevail under Louisiana's Merchant's Liability Statute, a plaintiff must further show not only that the condition presented an unreasonable risk of harm, but also that the defendant created or had actual or constructive knowledge of the condition. La. Rev. Stat. Ann. § 9:2800.6(B)(2). If the proximity of the bouncy ball machine to clothing racks with low t-arms created an unreasonably dangerous condition, then Old Navy created this condition because Old Navy placed those elements in its store in Houma, Louisiana. (Exhibit C to Rec. Doc. 100, pp. 39-40; Exhibit G to Rec. Doc. 100, pp. 11-12).[2] As such Plaintiffs will be able to meet their burden under Section B(2) of the statute if the fact finder determines that the proximity of the low t-arms to the bouncy ball machine presented an unreasonable risk of harm.

---

[2]Old Navy argues that it did not have knowledge of an unreasonably dangerous condition because it did not know that Ms. Gravois bought a bouncy ball from the machine for her granddaughter. (See Rec. Doc. 88-3, pp. 11-12). However, this argument misinterprets the Plaintiffs' position. The Plaintiffs argue that the mere placement of a bouncy ball machine in the children's department of the store, where there were low t-arms, presented an unreasonable risk of harm because the logical result of selling bouncy balls in a children's store is that children will buy them or have their parents buy them. (See Rec. Doc. 100, pp. 12-15). According to the Plaintiffs' theory of the case, the unreasonably dangerous condition existed before Ms. Gravois purchased the ball for her daughter. Ms. Gravois' purchase, and the subsequent accident, are merely illustrations of why the condition was unreasonably dangerous.

### c. Whether Defendant failed to exercise reasonable care

Finally, a plaintiff must show that the merchant failed to exercise reasonable care under the circumstances in order to succeed under Louisiana's Merchants' Liability Statute. As previously noted, Plaintiffs have come forward with sufficient evidence to create an issue of material fact regarding whether or not Old Navy exercised reasonable care under the circumstances. *See supra* Part III.B.1.

## IV. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Summary Judgment" (Rec. Doc. 88) is DENIED**.

New Orleans, Louisiana, this 13th day of October 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**