UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MATTHEW FABRE AND                                           CIVIL ACTION
CHELSEA FABRE, Individually
and as Natural Tutors of Their Minor
Child, A.F.

VERSUS                                                      NO.  10-3381

OLD NAVY, LLC and THE GAP, INC.,                            SECTION "N" (5)
et al.

## ORDER AND REASONS

Before the Court is the "**Partial Motion for Summary Judgment as to Negligence Per Se and Punitive Damages**" (Rec. Doc. 90), filed by Defendants Old Navy, LLC, The Gap, Inc., Zurich North American Insurance Company, Liberty Insurance Underwriters, Inc., and Kimco Houma 274, LLC (hereinafter "Old Navy").  With regard to Negligence Per Se, Plaintiffs, Matthew Fabre and Chelsea Fabre, individually and as natural tutors of their minor child, A.F. ("Plaintiffs"), do not oppose the motion.  (*See* Rec. Doc. 104).  Further, it appears to the Court that the motion as to negligence per se has merit.  Accordingly, with respect to Negligence Per Se, the Motion is **GRANTED** as unopposed.  With regard to Punitive Damages, Plaintiffs oppose the motion. (*See id.*).  Considering the memoranda filed by the parties (including the Reply at Rec. Doc. 107), the Motion as to Punitive damages is **GRANTED** for the reasons set

forth herein:

**I.    BACKGROUND**

The Plaintiffs allege that three year-old Abigail Fabre was blinded in one eye while playing with a bouncy ball in an Old Navy store in Houma, Louisiana. (Rec. Doc. 100, p. 4). Abigail went to Old Navy that day with her mother, Chelsea Fabre (Ms. Fabre), and her grandmother, Rosemary Marie Rodrigue Gravois (Ms. Gravois). (Rec. Doc. 100, p. 3). After about five minutes in the store, Ms. Gravois purchased a bouncy ball for Abigail from a bouncy ball machine located in the children's section of the Old Navy (Rec. Doc. 88-1, p. 2; Exhibit J to Rec. Doc. 100, p.15). Abigail played with the bouncy ball for approximately five minutes without incident (Rec. Doc. 88-1, p. 2). After bouncing the ball and retrieving it successfully several times, Abigail bent down to pick up the bouncy ball, and the raised end of a low t-arm merchandise rack punctured her eye, pushing her eye into the back of its socket, detaching her retina, tearing her tear duct and causing the right-eye area of her face to collapse. (Rec. Doc. 100, p. 4). Plaintiffs allege that Old Navy created a hazardous condition by placing the bouncy ball machine in close proximity to the low t-arm. (Attachment 1 to Rec. Doc. 3, p. 4).

**II.    ARGUMENTS OF THE PARTIES**

Old Navy asserts that the Plaintiffs' claim for punitive damages is governed by Louisiana law, which allows for punitive damages only when provided for by a specific statute. (*See* Rec. Doc. 90-3, p. 7). As Plaintiffs have plead no facts that would place them in the ambit of a statute authorizing punitive damages, Old Navy argues that it should be granted judgment as a matter of law on the issue of punitive damages. (*See* Rec. Doc. 90-3, p. 8).

On the other hand, Plaintiffs argue that Louisiana conflict of laws rules dictate that

Plaintiff's request for punitive damages should be governed by California law. (*See* Rec. Doc. 104, p 4). Because Old Navy's principal place of business is located in California, Plaintiffs claim that Old Navy should be considered a California domiciliary under Louisiana Civil Code Article 3518. (*See* Rec. Doc. 104, pp. 6-7). As such, Plaintiffs argue that Louisiana Civil Code Article 3546 dictates that punitive damages may be awarded in this case because California law allows for such damages. (*See* Rec. Doc. 104, pp. 7-8). The Plaintiffs assert that under California law, they would be entitled to punitive damages if they can show that the Old Navy has committed fraud, oppression or malice. (*See id.*). Thus, Plaintiffs assert that they have produced sufficient evidence to create a question of fact under California law as to whether Old Navy committed malice and, as such, summary judgment is inappropriate on this issue. (*See* Rec. Doc. 104, pp. 9-10).

In response Defendants claim that under Louisiana Civil Code Article 3548, Old Navy should be considered a Louisiana domiciliary. (*See* Rec. Doc. 107-2, p. 2). As such, Louisiana law applies to the case at hand and an award of punitive damages is impermissible in the present case, necessitating summary judgment on this issue. (*See id.*, pp. 7-8).

### III.   DISCUSSION

#### A.   Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical

and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citations omitted*). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (*emphasis omitted*) (*citing*

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.     Analysis**

**1. Louisiana law regarding punitive damages**

Louisiana has a general public policy against the award of punitive damages, and an award of punitive damages is not allowed unless specifically provided for by statute. *Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002) (*citing Ricard v. State*, 390 So.2d 882 (La. 1980); *Killebrew v. Abbott Labs.*, 359 So.2d 1275 (La. 1978)). Louisiana statutes permit punitive damages only for child pornography, drunk driving and sexual abuse of a child. *See* La. Civ.

5

Code Ann. arts. 2315.3; 2315.4; 2315.7 (2011). Here, Plaintiffs have not alleged that Old Navy has committed any of these acts that would expose it to liability for punitive damages under Louisiana law.

### 2. Conflict of laws

Louisiana Civil Code Article 3546 provides that a Louisiana court may award punitive damages if such award is "authorized by the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled." La. Civ. Code Ann. art. 3546 (2011). A Plaintiff must show that punitive damages are authorized by the law of at least two of these categories in order to be permitted an award. *Id*. Here, Plaintiffs' injury clearly occurred in Louisiana. (*See* Rec. Doc. 3-1, pp. 3-4). Because Louisiana law does not authorize punitive damage awards, in order to be permitted to receive punitive damages, Plaintiffs must show that such awards are "authorized by the law of the state where the injurious conduct occurred . . . [and] the law of the place where the person whose conduct caused the injury was domiciled." La. Civ. Code Ann. art. 3546 (2011). As such, Plaintiffs must show that punitive damage awards are authorized by the place of Old Navy's domicile in order to be eligible for a punitive damage award.

Louisiana Civil Code Article 3518 declares that, in general, "a juridical person may be treated as a domiciliary of either the state of its formation or the state of its principal place of business." La. Civ. Code Ann. art. 3518 (2011). This general rule is limited by the more specific rule outlined in Louisiana Civil Code Article 3548, which states that "a juridical person that is domiciled outside this state, but which transacts business in this state and incurs a delictual or

quasi-delictual obligation arising from activity within this state, shall be treated as a domiciliary of this state." La. Civ. Code Ann. art. 3548 (2011).

In this case, Old Navy must be treated as a domiciliary of Louisiana. Old Navy transacts business in Louisiana (*See* Rec. Doc. 107-2, p. 2), and incurred a delictual or quasi-delictual obligation from activity conducted within this state, specifically the operation of its Houma, Louisiana store. La. Civ. Code Ann. art. 3548 (2011). While Old Navy is a juridical person domiciled outside of this state, either in Delaware, where it is incorporated, or California, where its principal place of business is located, Louisiana Civil Code Article 3548 dictates that it must be treated as a domiciliary of Louisiana for the purposes of this lawsuit. *See* La. Civ. Code Ann. arts. 3518; 3548 (2011). As noted previously, Louisiana law does not authorize a punitive damage award under the circumstances of this case. *See supra* Part III.B.1. As such, Plaintiff has failed to meet its burden under Louisiana Civil Code Article 3546 of showing that the state of Old Navy's domicile authorizes punitive damage awards and Old Navy is entitled to judgment as a matter or law regarding punitive damages.

## IV.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Partial Motion for Summary Judgment as to Negligence Per Se and Punitive Damages" (Rec. Doc. 90)** is **GRANTED**.

New Orleans, Louisiana, this 24th day of <u>October</u> 2011.

**KURT D. ENGELHARDT**

**United States District Judge**